This document was signed electronically on September 2, 2016, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: September 2, 2016



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re: Terrence A. Sullivan ) Case No. 16-10595
       Kellie C. Sullivan ) Chapter 13 Proceedings
       Debtors ) Judge Pat E. Morgenstern-Clarren

### CONFIRMATION ORDER

The Chapter 13 plan in this case came on for confirmation at a hearing before the Court. A copy of such plan, together with the applicable amendments or modifications, (the "Plan") is attached to this Order. Based upon the papers filed in this case, information presented by the Chapter 13 Trustee ("Trustee") and such other matters, if any, presented by the Debtor or Debtors ("Debtor"), Debtor's counsel, any objector or any other interested party, the Court finds that:

1. Notice of the confirmation hearing was duly given.

2. The Plan complies with applicable requirements of 11 U.S.C. §§ 1322 and 1325.

**IT IS THEREFORE ORDERED THAT:**

1. The Plan is confirmed.

2. The Debtor shall, until further order of the Court, make the periodic payments called for in the Plan to the Trustee. Except as otherwise permitted, such payments shall be made pursuant to order of the Court on the Debtor's employer.

3. The Debtor shall not incur additional debt exceeding $500 in the aggregate without notice to the Trustee and the approval of the Court.

4. The Debtor shall not transfer any interest in real property without the approval of the Court.

5. The Debtor shall pay over to the Trustee each year during the pendency of the case any and all federal income tax refunds, unless the Court orders otherwise. The Debtor may retain from any federal income tax refund either $1,000.00 from a single tax return ($2,000.00 from a joint tax return) or the sum of any earned income tax credit and child tax credits, whichever is greater. This paragraph shall not apply if the Debtor is paying unsecured creditors in full, or if the Debtor has averaged the anticipated tax refund on Schedule I.

6. Secured creditors shall retain their liens. If this case is either dismissed or converted to a Chapter 7 case, the property vesting in the Debtor by reason of this Confirmation Order shall remain subject to the liens existing at the time of the filing of the case subject to adjustments in respect of amounts paid under the Plan.

7. The attorney for the Debtor is allowed a fee of $3,000.00, of which $800.00 has been paid. The balance of $2,200.00 shall be paid by the Trustee from the monies received under the Plan pursuant to local rules and orders.

8. The administrative expenses of the Trustee shall be paid in full pursuant to 11 U.S.C. §§ 503(b) and 1326(b)(2) and 28 U.S.C. § 586(e)(1)(B).

9. If the case is dismissed by the Court or by the Debtor under 11 U.S.C. § 1307, all funds remaining in the hands of the Trustee at the time of dismissal shall be paid to the Chapter 13 creditors pursuant to the terms of the Plan. If the case is converted to Chapter 7 under 11 U.S.C. § 1307, all funds remaining in the hands of the Trustee at the time of conversion shall be returned to the Debtor after deducting the Trustee's authorized percentage fee.

By submitting this form, the Trustee certifies that the wording of this form is identical in all respects to the official form.

Submitted by:
/S/ Craig Shopneck
CRAIG SHOPNECK (#0009552)
Chapter 13 Trustee
200 Public Square, Suite 3860
Cleveland OH 44114-2321
Phone (216) 621-4268     Fax (216) 621-4806
Ch13shopneck@ch13cleve.com

# SERVICE LIST

Craig Shopneck, Chapter 13 Trustee
(served via ECF)

Office of the U.S. Trustee
(served via ECF)

Marc E Dann, Attorney for Debtors
(served via ECF)

Kellie C. & Terrence A. Sullivan, Debtors
28360 Nandina Drive
North Olmsted OH 44070


CS/bas
09/01/16


### ###

# UNITED STATES BANKRUPTCY COURT FOR THE
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION (CLEVELAND)

In Re: )
**Terrence A. Sullivan** ) **Chapter 13 Case No.:** _____
**Kellie C. Sullivan** )
 ) **Judge** _____
 ) ■ Original Chapter 13 Plan
Debtor(s). ) ☐ Modified Chapter 13 Plan, dated _____

*************************************************************************************

**NOTICE OF SPECIAL PROVISIONS (Check One)**
☐ This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.

■ This plan DOES contain special provisions that must be and are set forth in paragraph 11 below.

**NOTICE OF DISCHARGE ELIGIBILITY**
The Debtor is eligible for discharge unless otherwise indicated below:
☐ Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).
☐ Joint Debtor is NOT eligible for discharge under 11 U.S.C §1328(f).

**ATTENTION CREDITORS AND PARTIES IN INTEREST**
This plan sets forth how the Debtor or Debtors ("Debtor") propose to pay claims. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection with the court. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.

---

**1. PLAN PAYMENTS**
**A.** The Debtor shall make monthly payments to the Chapter 13 Trustee ("Trustee") in the amount of $__**4,000.00**__ per month ("Plan Payment") for at least the duration of the applicable commitment period, unless all allowed claims are paid in full in a shorter period of time.

**B.** (Check One)
  ☐ The applicable commitment period is 36 months.
  ■ The applicable commitment period is 60 months.

**C.** Unless the court orders otherwise, the plan will not be considered complete until either (i) all allowed claims are paid in full, or (ii) the plan has run for at least the applicable commitment period and at least the amount specified in paragraph 7 has been paid to unsecured creditors.

**D.** Trustee may increase the Plan Payment during the term of the plan as necessary to reflect increases, if any, in any conduit payments paid by the Trustee.

**2. DISTRIBUTIONS**
**A.** After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) conduit payments as provided for in paragraph 3(C); (iv) monthly payments as provided for in paragraph 5(C); (v) monthly payments as provided for in paragraphs 3(A), 3(B), 4(A), 4(B) and 9; (vi) monthly payments as provided for in paragraph 6; and (vii) general unsecured claims.

**B.** If the Trustee has received insufficient funds from the Debtor to make the conduit payment, the Trustee may accumulate funds until sufficient funds are available for distribution of a full monthly payment. The Trustee may distribute amounts different from the monthly payments specified in the plan if the Trustee determines such deviation is appropriate or reasonably necessary for the administration of the plan.

**C.** Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court orders otherwise, distributions on account of claims in paragraphs 3(A), 3(C), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan. Conversely, distributions on account of claims in paragraphs 3(B), 4(B) and 4(C) will be based upon the classification and amount stated in the plan rather than the classification and amount stated in the claim holder's proof of claim. Unless otherwise set or mandated by statute, interest on all secured personal property claims provided for in this plan shall be paid pursuant to paragraph 4(D).

**3. CLAIMS SECURED BY REAL PROPERTY**
**A. Mortgage Arrearages and Real Estate Tax Arrearages (Paid per the Proof of Claim)**
Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Note: If the Trustee will not be making the continuing mortgage payments, the Debtor is responsible for paying all post-petition mortgage payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| **Specialized Loan Services** | 28360 Nandina Drive North Olmsted, OH 44070 Cuyahoga County | 0.00 | 0.00 |

**B. Other Real Estate Claims (Paid per the Plan)**
Trustee shall pay the monthly payment amount to creditors up to the amount and interest rate as specified below. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the amount, interest rate and monthly payment specified below will be binding under 11 U.S.C §1327.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| **Ocwen Loan Servicing** | 19505 Milan Drive Maple Heights, OH 44137 Cuyahoga County Rental Property | 24,000.00 | 5.25% | 455.66 |

**C. Conduit Payments**
Trustee shall pay the regular monthly mortgage payments beginning with the first payment due after the filing of the case (or the first payment due after the filing of a modified plan if the modified plan proposes to change the treatment of a mortgage from "non-conduit" to "conduit"). Unless real estate taxes and insurance are included in the mortgage payments to be paid by the Trustee pursuant to the Plan, the Debtor shall remain responsible for paying those obligations as they become due. Note: If the Trustee is making the continuing monthly mortgage payments, the mortgage creditor must also be listed in paragraph 3(A) above.

| Creditor | Property Address | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **Specialized Loan Services** | 28360 Nandina Drive North Olmsted, OH 44070 Cuyahoga County | 1,642.00 |

4.  **CLAIMS SECURED BY PERSONAL PROPERTY**
    A.  **Secured Claims (Paid per the Proof of Claim)**

Claims specified below are debts secured by a purchase money security interest in a vehicle acquired for the personal use of the Debtor for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Trustee shall pay the following claims, with interest per paragraph 4(D), in equal monthly payments as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| **Firefightrs Community** | 2015 Nissan Leaf 19,000 miles | 621.01 |

B.  **Other Secured Claims (Paid per the Plan)**

Claims specified below are debts secured by personal property not provided for in paragraph 4(A) above. Trustee shall pay the allowed claims up to the secured amount, with interest per paragraph 4(D), in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Unless the court orders otherwise, upon confirmation, the secured amount and monthly payment specified below will be binding under 11 U.S.C. §1327.

| Creditor | Collateral Description | Secured Amount | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| -NONE- | | | |

C.  **Pre-confirmation Adequate Protection payments (Paid per the Plan)**

Trustee shall pay the monthly payment amount to creditors for pre-confirmation adequate protection as specified below.

| Creditor | Collateral Description | Monthly Payment (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

D.  **Interest**

The interest rate to be paid on all secured personal property claims provided for in this plan shall be the prime rate plus a risk factor of 2.0%. The applicable prime rate shall be fixed for the life of this plan at the U.S. prime rate shown in the Wall Street Journal for Money Rates as of the date of the entry of the confirmation order. Only through separate order may a party-in-interest obtain court approval to apply a different interest rate. This provision shall not alter interest rates set or mandated by statute.

5.  **DOMESTIC SUPPORT OBLIGATIONS (Paid per the Proof of Claim)**
    A.  Debtor ☐ does ■ does not have domestic support obligations under 11 U.S.C. §101(14A).

Trustee shall pay under 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

B.  Specify the holder(s) of any claims for domestic support obligations under 11 U.S.C. §1302(d) unless the holder is a minor. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee in a private document contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address |
|---|---|
| -NONE- | |

C.  Trustee shall pay the monthly payment amount to creditors for domestic support obligation arrearages as specified below. Debtor shall pay the holder(s) of non-arrearage claims for domestic support obligations as those payments ordinarily come due unless otherwise specified in paragraph 11 – Special Provisions.

| Creditor | Creditor Address | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|
| -NONE- | | |

3

### 6. OTHER PRIORITY CLAIMS (Paid per the Proof of Claim)
Trustee shall pay the monthly payment amount to creditors for allowed unsecured priority claims as specified below.

| Creditor | Monthly Payment (Paid by Trustee) |
|---|---|
| -NONE- | |

### 7. GENERAL UNSECURED CLAIMS
Debtor estimates the total of the non-priority unsecured debt to be $ __157,840.53__ . Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of __62,919.80__ or __40__ %, whichever is greater. Trustee is authorized to increase the amount paid to unsecured creditors in order to comply with paragraph 1 of this plan.

### 8. PROPERTY TO BE SURRENDERED
**A.** Debtor surrenders the property described below and the creditor may file a claim for the deficiency, which will be treated as a non-priority unsecured claim. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| -NONE- | |

### 9. EXECUTORY CONTRACT AND UNEXPIRED LEASES (Pay per the Proof of Claim)
All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages as specified below. Debtor shall pay all post-petition payments that ordinarily come due.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment on Arrearage Claim (Paid by Trustee) |
|---|---|---|---|
| -NONE- | | | |

### 10. OTHER PLAN PROVISIONS
**A.** Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not made a designation, property of the estate shall revest in the Debtor upon confirmation. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case. All property in which the Debtor retains possession shall be insured by the Debtor. Trustee shall have no responsibility to insure assets and shall have no liability for damage or loss relating to property which is in the possession and control of the Debtor.

**B.** Notwithstanding the automatic stay, creditors and lessors provided for in paragraphs 3(A), 3(C), and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

**C.** Trustee shall pay any post-petition claim filed and allowed under §1305(a)(1).

**D.** The following co-debtor claims will be paid by the co-debtor outside the plan:

| Creditor | Property Description |
|---|---|
| -NONE- | |

### 11. SPECIAL PROVISIONS
This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding paragraph 1 of this plan.** Further, these provisions should not contain a restatement of the Bankruptcy Code, Federal Rules of Bankruptcy Procedures, Local Bankruptcy Rules or case law.

> **SpringCastle American Funding Trust: Debtor intends to avoid lien under 522(f)(1) or 522(f)(2).**

4

| | |
|---|---|
| /s/ Terrence A. Sullivan | /s/ Kellie C. Sullivan |
| **Terrence A. Sullivan** | **Kellie C. Sullivan** |
| DEBTOR | DEBTOR |

Date: **February 9, 2016**

/s/ Marc E. Dann
**Marc E. Dann 0039425**
ATTORNEY FOR DEBTOR